UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-CR-00053-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| JAKEEM JUMAR MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jakeem Jumar Martin was indicted in this district but arrested in New Jersey. The Government objected in this Court to his release in New Jersey, and the Court referred the review of his release to a magistrate judge of this district for a Report and Recommendation. Martin moves the Court to reconsider the referral, arguing that only a district court can review an order of release. A district court may refer a motion for revocation of release to a magistrate judge for a Report and Recommendation, even if a magistrate judge in another district has already considered the issue. The Motion for Reconsideration [Doc. 16] is **DENIED**.

**I.      BACKGROUND**

Martin was indicted on fraud charges in this district in April 2025. [Doc. 3]. Twelve days later, he was arrested in New Jersey. The magistrate judge assigned to his case there conducted his initial appearance and ordered him released on conditions before trial. [Doc. 5-2]. The Government disagreed with that decision, so they asked this Court to stay and revoke his release. [Doc. 11]. The Court granted the stay [Doc. 13] but did not initially address revocation. Defendant then responded to the Government's motion maintaining that the magistrate judge in New Jersey

1

properly released him.  [Doc. 14].  In the interest of judicial economy, the Court referred the

revocation issue to a magistrate judge in this district to issue a Report and Recommendation

("R&R") for the Court's consideration.

Martin objected to the referral. [Doc. 16].  He argues that the district court itself must

review the magistrate judge's order of release, and that the Court cannot delegate its responsibility

to the magistrate judge. [*Id.* at 2–3].  In short, Martin contends that 18 U.S.C. § 3145(a)(1) confers

authority only to the district court and does not contemplate a referral or an R&R. [*Id.* at 4–5].

The Government responds that district courts in this posture commonly refer the review of

an out-of-district magistrate judge's order to a magistrate judge in their same district for an R&R.

[Doc. 18, pg. 2].  The Government maintains that the plain language of 28 U.S.C. § 636(b) supports

this conclusion when it allows district courts to refer any pretrial matter to a magistrate judge. [*Id.*

at 4].

## II.     LEGAL STANDARD

18 U.S.C. § 3145(a)(1) provides:

> If a person is ordered released by a magistrate judge, or by a person other than a
> judge of a court having original jurisdiction over the offense and other than a
> Federal appellate court the attorney for the Government may file, with the court
> having original jurisdiction over the offense, a motion for revocation of the order
> or amendment of the conditions of release.

A "court having original jurisdiction over the offense" is one in the district where charges are

pending. *United States v. Vega*, 438 F.3d 801, 802 (7th Cir. 2006); *see also United States v. Evans*,

62 F.3d 1233, 1237 (9th Cir. 1995) (same); *United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir.

2003) (same); *United States v. El Edwy*, 272 F.3d 149, 152 (2d Cir. 2001) (same); *United States v.*

*Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996) (same).  So under § 3145, when a magistrate judge in

2

a district other than the one where charges are pending orders a defendant's release, the decision is properly appealed to the district where the charges are pending. *See Torres*, 86 F.3d at 1031.

The other statute at work here, 28 U.S.C. § 636(b)(1)(A), gives a district judge the authority to "designate a magistrate judge to hear and determine any pretrial matter pending before the court" except for certain motions not relevant here. And § 636(b)(1)(B) allows a district judge to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for disposition." Section 636(b)(1)(B) allows such referrals even with respect to those motions excepted from referral under § 636(b)(1)(A). In other words, a district court may refer for recommendation even motions that it cannot refer for disposition.

## III. ANALYSIS

The issue is whether the court can refer an out-of-district magistrate judge's order of release to a magistrate judge of this district for an R&R. To begin, Martin is correct insofar as he suggests that § 3145 does not contemplate "horizontal" review of a release order. [Doc. 16, pg. 3]. "Section 3145 authorizes a district judge to review a decision made by a magistrate judge, but it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district." *United States v. Johnson*, 858 F. Supp. 119, 122 (N.D. Ind. 1994). That forecloses the possibility that the Court would refer the issue to the magistrate judge for disposition, but what about for recommendation?

Several district courts to consider this issue have concluded that the referral contemplated here is proper. *See United States v. Wood*, No. 2:21-CR-106, 2022 WL 1560463, *4 n. 3 (E.D. Tenn. Apr. 27, 2022), *report and recommendation adopted*, No. 2:21-CR-106, 2022 WL 1560163 (E.D. Tenn. May 17, 2022) ("Although a magistrate judge cannot review another magistrate

3

judge's decision to release a defendant, a district judge may refer the Government's motion to revoke a release order to a magistrate judge for report and recommendation. The district judge will ultimately conduct a *de novo* review [of the R&R].”); *United States v. Moore*, No. 3:17-CR-86, 2018 WL 1976481, *8 n. 2 (E.D. Tenn. Apr. 18, 2018), *report and recommendation adopted*, No. 3:17-CR-86, 2018 WL 1976450 (E.D. Tenn. Apr. 26, 2018) (same). In short, “there appears to be absolutely no reason why the district judge conducting the review cannot initially refer the review to a magistrate judge in his own district on a report and recommendation basis.” *United States v. Ross*, No. 1:05-CR-160, 2007 WL 1295995, *2 (W.D. Mich. Apr. 6, 2007), *report and recommendation adopted*, [No. 1:05-CR-160, Doc. 234] (W.D. Mich. May 1, 2007).

Those decisions are consistent with the purpose and text of the statute. Section 3145 demands that the district court conduct the review of an out-of-district magistrate judge's release order. A district court would violate that mandate if it referred such an order to a magistrate judge for *disposition*. The same is not true when it refers the matter for a *recommendation*. In the latter scenario, the district court makes the ultimate determination and reviews the magistrate judge's recommendation de novo—precisely what § 3145 commands. The referral contested here is not an abdication of nondelegable authority because it is not a delegation of any authority at all. The R&R process merely streamlines the matter for the district court's ultimate consideration. In short, referring an out-of-district magistrate judge's release order to a magistrate judge in the charging district is not inconsistent with § 3145, as long as the referral is for an R&R only.

Martin's arguments to the contrary are not incorrect, but they are misplaced. For example, it is true that “review authority under § 3145 resides exclusively with the district court, not with magistrate judges.” [Doc. 16, pg. 4]. But this argument rests on an erroneous understanding of the

R&R procedure. When the Court refers a matter for an R&R, the magistrate judge has no authority to dispose of the matter before her—she has no authority to "review" the decision under § 3145.

Nor is the Court persuaded by Martin's argument that § 3145 does not contemplate the R&R process. True, § 3145 places the authority to review an order of release with the court having original jurisdiction over the offense. 18 U.S.C. § 3145(a)(1). And one magistrate judge cannot review another's release order. *See Johnson*, 858 F. Supp. at 122. But as explained above, the R&R process does not divest the district court of its review authority, it only hopes to make the review more efficient. The district court maintains its authority to review the order throughout. The magistrate judge, on the other hand, has no authority except to make an R&R. The R&R does not bind the Court, and the Court reviews it de novo—the same way it would review an order of release.

Martin's motion concludes with three "practical concerns," to which the Court offers these answers. First: the R&R will "creat[e] an unnecessary additional layer of review that delays resolution of Mr. Martin's detention status." [Doc. 16, pg. 7]. Not true on two fronts: (1) an R&R is not a layer of "review," as explained above; and (2) requesting an R&R from the magistrate judge—who analyzes pretrial release far more often than this Court—helps the Court resolve the matter.

Second: "What standard would Magistrate Judge Wyrick apply to Magistrate Judge Hammer's decision?" [*Id.*]. De novo review. Not because Judge Wyrick has the authority to review the decision de novo, but because she is recommending a disposition to this Court, which reviews Judge Hammer's decision de novo. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000) (holding that de novo review is the proper standard for a district court reviewing a magistrate judge's order of release).

Third: "If Magistrate Judge Wyrick recommends detaining Mr. Martin, what authority would she have to order detention . . . ?" [*Id.*]. None. Only this Court has the authority to order Martin detained or released. Martin is in custody, and he will remain so at least until this Court rules on the Government's motion for revocation of release. An R&R is not an order, and it carries the force of law only if the Court adopts it as one.

## IV. CONCLUSION

For the reasons foregoing, Martin's Motion for Reconsideration [Doc. 16] is **DENIED**. As the Court previously ordered, the Government's Motion for Revocation of Release [Doc. 11] is **REFERRED** to United States Magistrate Judge Cynthia R. Wyrick to issue a Report and Recommendation on the matter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

6